BOWES, Judge,
dissenting.
I find it necessary to disagree with my learned colleagues. I would reverse the finding of the jury and find the defendant not guilty.
It is firmly established, as alluded to by the majority, that in a case of this type, where the State’s entire case consisted of circumstantial evidence, that the State must exclude every reasonable hypothesis of innocence. In my opinion, the State failed to do this and did not meet the burden clearly imposed upon them by law un *341 der LSA-R.S. 15:438 and State v. Porretto, 468 So.2d 1142 (La.1985). This is no fault of the State — it simply couldn’t be done.
In addition, as stated by the majority opinion, “where the key issue is not whether the crime was committed, but whether the defendant was the person who committed it”, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Smith, 430 So.2d 31 (La.1983). In my appreciation of the evidence in this case, there was no real identification of the accused by anyone; no one even saw him during the crime or during the res gestae following it, to identify him. The closest anyone ever came to this was the pursuing officer, Vicknair, who caught, in his own words, “a glimpse” of a person exiting the car, whom he believed might be the defendant. Noteworthy also is the fact that Deputy Vicknair did see the two other occupants of the car, but he stated that neither of these were the defendant.
My views as a judge, for many years, have long been characterized as conservative — an observation to which I also subscribe. However, in this case, in my opinion, the question of doubt, as to whether the accused was one of those who committed the crime and as to his identification at the trial, is so great that I cannot agree with his conviction.
Accordingly, I respectfully dissent.